# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM R. LYONS, | 3:13-cv-00250-MMD-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| SOCIAL SECURITY ADMINISTRATION, et. al. | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 4),[1] and pro se complaint (Doc. # 1-1). After a thorough review, the court recommends that Plaintiff's application to proceed in forma pauperis be granted, but that his complaint be dismissed with prejudice.

## I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to

---
[1] Refers to court's docket number.

redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

The application indicates that Plaintiff is not currently employed, and last worked in 1986. (Doc. # 4 at 1.) He receives money from friends and family on occasion. (*Id.* at 2.) He has no cash, nor does he have any money in a checking or savings account, or other valuable property. (*Id.*) Plaintiff has also filed his inmate financial certificate, as he is incarcerated within the Nevada Department of Corrections, stating that his current account balance at the time of filing was $.09 and his average monthly balance is $.84. (Doc. # 1-2 at 1.) Therefore it appears that Plaintiff is unable to pay the filing fee. Accordingly, Plaintiff's application to proceed in forma pauperis should be granted.

## II. SCREENING

**A. Standard**

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)

2

1 when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th ir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Plaintiff's Complaint**

Plaintiff's complaint seeks a monetary damages award in the amount of $39,000, which he contends is owed to him as Supplemental Security Income (SSI) from the Social Security Administration for the period of time prior to his incarceration within the Nevada Department of Corrections. (Doc. # 1-1 at 1.)

3

Plaintiff alleges that he was arrested on July 13, 2000, could not make bail, and was held at the Clark County Detention Center as a pre-trial detainee. (*Id.* at 2.) He claims that in the last week of July, 2000, his ex-wife took their children to the Social Security Office in Reno, Nevada to have SSI benefits transferred to her on account of Plaintiff's incarceration. (*Id.*) Plaintiff, however, asserts that he did not go to trial until September 8, 2003, yet the Social Security Office notified him in January, 2001, that he was being denied benefits as a result of a criminal conviction and would no longer be eligible for benefits. (*Id.*) Thus, he claims he is entitled to payment for benefits between January, 2001, and the time of his conviction, December 1, 2003, when he claims he was still eligible to receive benefits. (*Id.* at 2-3.)

Plaintiff claims that he became aware of the law and requirements under the law in August of 2011. (Doc. # 1-1 at 4.) He contacted the Social Security Office in Reno, as well as the regional office in California, concerning his claim. (*Id.*) He seeks to recover the money due during the period he was in jail as a pre-trial detainee, prior to his conviction, for the years 2001, 2002, and 2003, along with cost of living increases and interest. (*Id.* at 5.)

**C. Analysis**

Plaintiff attaches his various communications with the Social Security Administration as exhibits to his complaint. (*See* Exhibits 2-4 to Pl.'s Compl.) The response states that the "law prohibits paying retroactive benefits to beneficiaries or their representative payees while the beneficiary is a prisoner." The Social Security Administration further advised Plaintiff to contact the local office *once he is released*, and at that time, any past due benefits owed can be released. Thus, the Social Security Administration has not stated that Plaintiff is not owed retroactive benefits or that it will not pay him any owed benefits once he is released, it is simply stating that they cannot pay him retroactive benefits *while he is still incarcerated*.

The "No Social Security Benefits for Prisoners Act of 2009" became Public Law 111-115. This prohibits the payment of retroactive benefits to beneficiaries or terminated beneficiaries while they are in prison. Plaintiff is currently incarcerated within the Nevada Department of

4

Corrections at Northern Nevada Correctional Center. Pursuant to Public Law 111-115, the Social Security Administration cannot pay him retroactive benefits until he is released from prison. Accordingly, the court finds Plaintiff does not state a claim upon which relief can be granted and recommends dismissal of Plaintiff's complaint with prejudice.

### III. RECOMMENDATION

(1) Plaintiff's request to proceed in forma pauperis (Doc. # 1) should be **GRANTED.** The Clerk of the Court should be instructed to file complaint (Doc. # 1-1). The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status should not extend to the issuance of subpoenas at government expense.

(2) The complaint should be **DISMISSED WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: July 25, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

5